# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| LYLE ARTHUR McELDERRY #2270556 | § | |
| | § | |
| V. | § | A-19-CV-1005-RP |
| | § | |
| MARK SAUNDERS, | § | |
| et al. | § | |

## ORDER

Before the Court is Plaintiff's complaint. Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis. After consideration of the complaint, it is dismissed.

## STATEMENT OF THE CASE

At the time he filed his complaint pursuant to 42 U.S.C. § 1983, Plaintiff was confined in the Travis County State Jail. Plaintiff asserts he entered the Travis County State Jail at the end of July 2019. Plaintiff was allegedly housed in a "program dorm" that houses the offices of the Management and Training Corporation (MTC) staff. According to Plaintiff, he was assigned Christine Walker as his counselor. Plaintiff asserts Walker asked him to sign a "Client Bill of Rights" and "Client Grievance Procedures." Plaintiff was not given copies of the documents he signed. Instead, he allegedly obtained a copy three weeks later. At that time, Plaintiff states he discovered how many of his rights were being violated.

On September 9, 2019, Plaintiff maintains he voiced his complaint during a group setting to MTC staff, including Christine Walker, Guadalupe Ortiz, and Ashley Cheadle. Cheadle and Ortiz dismissed his complaints and allegedly stated if Plaintiff "didn't like the way it was in the program

they would be glad to write [Plaintiff] a case and lock [him] up in Administrative Segragation [sic]." Plaintiff was also told Mark Saunders was too busy to hear Plaintiff's complaints. Plaintiff asserts Cheadle left the group and went to Major LaMorris Marshall's office. Cheadle allegedly told Marshall that Plaintiff was being threatening to Walker.

According to Plaintiff, he was called to Major Marshall's office. Plaintiff asserts he explained to Major Marshal and Captain Jerry G. Davis that MTC was mistreating Plaintiff and the other offenders. Plaintiff accused the MTC staff of retaliating against him. Plaintiff was handcuffed and taken to administrative segregation for six days. While there, Plaintiff alleges he was confronted by offenders who accused Plaintiff of "snitching out a gang."

Plaintiff was returned to general population in another building and he assumed he was removed from the MTC program. Plaintiff asserts he tried to grieve his issues to Major Marshall, Warden Marez, Assistant Warden Michael B. Gruver, Captain Martinez, Mr. Saunders, and Ms. Walker, but they refused to investigate his claims or take action. Plaintiff alleges Saunders dismissed everything Plaintiff had to say but did tell him he was still enrolled in the program even though he had not participated for three weeks. Plaintiff claims he was denied the grievance process by both MTC and TDCJ. Plaintiff asserts he directed a grievance to Unit Investigator Ashley M. Jones about this and he was told MTC was "beyond the control of the agency" and he needed to resolve his complaint with MTC. Plaintiff asserts MTC refuses to speak with him and has not responded. Plaintiff contends the stress regarding this matter has caused him to be severely depressed and has affected his pregnant wife.

Plaintiff sues Mark Saunders, Christine Walker, Ashley Cheadle, and Guadalupe Ortiz (the "MTC Defendants") and Cory Weber, Ralph Marez, Michael B. Gruver, LaMorris Marshall, Daniel

B. Martinez, Abdullah Ahmed, Jerry G. Davis, and Ashley M. Jones (the "TDCJ Defendants"). Plaintiff requests the Court to award him nine months salary of each defendant and $50,000 for each day he was housed in administrative segregation and conduct a systemwide audit of contract drug treatment programs. Plaintiff notified the Court on November 19, 2019, that he had been released from jail.

## DISCUSSION AND ANALYSIS

A. Standard Under 28 U.S.C. § 1915(e)

According to 28 U.S.C. § 1915A(b)(1), this Court is required to screen any civil complaint in which a prisoner seeks relief against a government entity, officer, or employee and dismiss the complaint if the court determines it is frivolous, malicious, or fails to state a claim on which relief may be granted. *See also* 28 U.S.C. § 1915(e)(2)(B) (directing court to dismiss case filed *in forma pauperis* at any time if it is determined that action is (i) frivolous or malicious, or (ii) fails to state claim on which relief may be granted).

An action is frivolous where there is no arguable legal or factual basis for the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges a violation of a legal interest which clearly does not exist." *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999) (internal quotation and citation omitted).

A complaint is factually frivolous when "the facts alleged are 'fantastic or delusional scenarios' or the legal theory upon which a complaint relies is 'indisputably meritless.'" *Eason v. Thaler*, 14 F.3d 8, n.5 (5th Cir. 1994) (quoting *Neitzke*, 490 U.S. at 327–28). In evaluating whether a complaint states a claim under sections 1915A(b)(1) and 1915(e)(2)(B), this Court applies the same

3

standards governing dismissals pursuant to Rule 12(b)(6). *See DeMoss v. Crain*, 636 F.3d 145, 152 (5th Cir. 2011); *see also* FED. R. CIV. P. 12(b)(6). To avoid dismissal under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56, 570 (2007)); *see* FED. R. CIV. P. 12(b)(6). These factual allegations need not be detailed but "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A conclusory complaint—one that fails to state material facts or merely recites the elements of a cause of action—may be dismissed for failure to state a claim. *See id.* at 555–56.

B.  Eleventh Amendment Immunity

Being sued in their official capacities for monetary damages, the TDCJ Defendants are immune from suit under the Eleventh Amendment because such an action is the same as a suit against the sovereign. *Pennhurst State School Hosp. v. Halderman*, 465 U.S. 89 (1984). The Eleventh Amendment generally divests federal courts of jurisdiction to entertain suits directed against states. *Port Auth. Trans-Hudson v. Feeney*, 495 U.S. 299, 304 (1990). The Eleventh Amendment may not be evaded by suing state agencies or state employees in their official capacity because such an indirect pleading remains in essence a claim upon the state treasury. *Green v. State Bar of Texas*, 27 F.3d 1083, 1087 (5th Cir. 1994).

C.  Grievance Procedures

Plaintiff has failed to allege a valid constitutional violation with regard to the grievance process of TDCJ or MTC. Prisoners have liberty interests only in "freedom[s] from restraint ... impos[ing] *atypical* and significant hardship on the inmate in relation to the ordinary incidents of

4

prison life." *Geiger v. Jowers*, 404 F.3d 371, 373–74 (5th Cir. 2005) (quoting *Sandin v. Conner,* 515 U.S. 472, 484 (1995)). Prisoners do not have a federally protected liberty interest in having grievances addressed and resolved to their satisfaction. *E.g., id.* at 374 (holding that prisoner did not have liberty interest, of kind protected by Due Process Clause of Fourteenth Amendment, in having grievance against mail room and security staff of prison, for allegedly withholding and ultimately losing some of his mail, resolved to his satisfaction). Moreover, a prisoner does not have a constitutional entitlement to an adequate grievance procedure. *See, e.g., Adams v. Rice,* 40 F.3d 72, 75 (4th Cir. 1994) (holding that there is no constitutional right to participate in grievance procedures); *Antonelli v. Sheahan,* 81 F.3d 1422, 1430–31 (7th Cir. 1996) (holding inmates do not have constitutional right to adequate grievance procedure; any right to inmate grievance procedure is procedural, not substantive, right and, thus, state's inmate grievance procedures do not give rise to liberty interest protected by due process clause); *Flick v. Alba,* 932 F.2d 728, 729 (8th Cir. 1991) (per curiam) (holding inmates do not have a constitutional right to participate in grievance procedures). Although an adequate grievance procedure is a condition precedent to filing a suit arising under section 1983, *see* 42 U.S.C.1997e(a), its ineffectiveness or altogether absence does not give rise to a constitutional claim. Thus, any alleged violation of the grievance procedure as alleged in Plaintiff's complaint does not amount to a constitutional violation.

    D.    <u>Retaliation</u>

Plaintiff has also failed to allege a valid claim of retaliation. "To state a valid claim for retaliation under section 1983, a prisoner must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." *Jones v. Greninger*, 188 F.3d 322, 324–25 (5th Cir. 1999). "Mere

5

conclusionary allegations of retaliation" are insufficient. *Id.* at 325. A prisoner must either "produce direct evidence of motivation" or "allege a chronology of events from which retaliation may plausibly be inferred." *Id.* (quoting *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995). The relevant showing must be more than the prisoner's personal belief that he is the victim of retaliation. *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997) (citing *Woods v. Edwards*, 51 F.3d 577, 580 (5th Cir. 1995)).

Plaintiff alleges he spoke up in group and voiced his opinion about how the MTC employees were violating the rights of the participants in the drug treatment program. As a result, he contends Ashley Cheadle reported to Major Marshall that Plaintiff had done so in a threatening manner. Plaintiff does not contend that Major Marshall and Captain Davis placed him in ad seg for exercising his constitutional rights. Rather, he acknowledges they placed him ad seg due to a report that he behaved in group in a threatening manner. Plaintiff's conclusory allegations are insufficient to state a retaliation claim.

E. <u>No Physical Injury</u>

Plaintiff appears to seek damages for his emotional stress. However Plaintiff's damage claims are barred by the Prison Litigation Reform Act of 1995 ("PLRA"), 42 U.S.C. § 1997e(e). The PLRA provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). The Fifth Circuit has held that the application of this provision turns on the relief sought by a prisoner, and that it prevents prisoners from seeking compensatory damages for violations of federal law where no physical injury is alleged. *See Geiger v. Jowers*, 404 F.3d 371, 375 (5th Cir. 2005) (per curiam). Despite the limitations imposed by

§ 1997e(e), the Fifth Circuit has recognized that a prisoner can, absent a showing of physical injury, pursue punitive or nominal damages based upon a violation of his constitutional rights. *See Hutchins v. McDaniels*, 512 F.3d 193, 197–98 (5th Cir. 2007) (per curiam). However, Plaintiff has not alleged any physical injury and his complaint seeks only compensatory damages. As such, Plaintiff's claims for damages are barred by § 1997e(e). *See Geiger*, 404 F.3d at 375 (applying § 1997e(e) to bar prisoner's claim for damages brought under § 1983 alleging a First Amendment violation).

F.     Injunctive Relief

Plaintiff was released from the Travis State Jail and its drug treatment program. Any request for injunctive relief related to the drug treatment program is moot. *See Biliski v. Harborth*, 55 F.3d 160 (5th Cir. 1995) (dismissing as moot plaintiff's request for a transfer from a county jail due to plaintiff's subsequent transfer to the TDCJ); *White v. Colorado*, 82 F.3d 364 (10th Cir. 1996) (dismissing as moot plaintiff's claims for prospective injunctive relief due to plaintiff's release from prison); *Garrett v. Angelone*, 940 F. Supp. 933 (W.D. Vir. 1996) (dismissing as moot the plaintiff's claims regarding the conditions at institutions from which the plaintiff had been transferred) (citing *Williams v. Griffin*, 952 F.2d 820 (4th Cir. 1991); *Magee v. Waters*, 810 F.2d 451 (4th Cir. 1987)).

CONCLUSION

Plaintiff's claims brought against the TDCJ Defendants in their official capacities for monetary damages are barred by Eleventh Amendment immunity. Plaintiff's remaining claims seeking monetary damages fail to state a claim upon which relief can be granted and are barred by the physical-injury requirement of the PLRA. Finally, Plaintiff's request for injunctive relief is rendered moot by his release from prison.

It is therefore **ORDERED** that Plaintiff's claims seeking monetary damages against the TDCJ Defendants are **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction, Plaintiff's remaining claims seeking monetary relief are **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e), and Plaintiff's request for injunctive relief is **DISMISSED AS MOOT**.

Plaintiff is warned that if he files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, then he will be prohibited from bringing any other actions in forma pauperis unless he is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

It is finally **ORDERED** that the Clerk of Court shall e-mail a copy of the order and judgment to the keeper of the three-strikes list.

**SIGNED** on March 13, 2020.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE